One day after date we promise to pay Hugh Moffit the sum of $850, for value received of him. Witness our hands and seals. 2 April, 1832.
 WM. M. GAINES, [SEAL] Test. JAS. GAINES. [SEAL]
The suit was brought against James Gaines alone, who pleaded payment at and after the day when the bill fell due; and, on the trial at RANDOLPH on the last circuit, before Dick, J., the defendant, in support of this plea, offered in evidence the deposition of William M. Gaines, the principal obligor, who was then a resident of the State of Alabama. The deposition was regularly taken, after a deed of release from the defendant to the witness had been executed, but it was objected to on the ground that the witness had such an interest in the result of the suit as rendered him incompetent. The objection was overruled by the court, and the deposition permitted to be read; upon which the jury found a verdict for the defendant, and the plaintiffs appealed.
A party to a bill or note is, in general, a competent witness in an action on such instrument, unless he be directly interested in the event of the suit. If his interest be equally affected, whichever way the verdict goes, he is competent to give evidence for either party. *Page 125 
2 Stark. Ev., 179; 1 Leigh N. P., 501. In this case, if the witness (being the principal obligor) had not been released, he would have had an interest in the event of the suit to the amount of the defendant's cost, in case he were cast; for the surety would then be entitled to recover of the witness not only the money mentioned in the bond, which the obligee had recovered of him, but also the cost which he was put to in the action. Jones v. Brooke, 4 Taunt., 464; Burgess v. Cuttill, 25 E. C. L., 398. Whereas, if the plaintiff should fail in this action, he could not recover the cost which he had expended in a suit thereafter to be brought against the witness, the principal obligor in the bond. The witness having had an interest in the event of the cause to the extent above mentioned, the defendant released him before his deposition was taken, and he then became a competent witness. (160)
PER CURIAM. No error.
Cited: Ligon v. Dunn, 28 N.C. 136; Cummins v. Coffin, 29 N.C. 198.